UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INGRID FINK,                                    Case No. 22-10107

      Plaintiff,                              Honorable Sean F. Cox
                                                United States District Court Judge

v.

GENESEE, COUNTY OF,

      Defendant.
_____/

## <u>ORDER DENYING</u>
## <u>DEFENDANT'S MOTION FOR RECONSIDERATION</u>

This is an age and gender discrimination case. Plaintiff, Ingrid Fink ("Fink") worked for

Defendant, Genesee County (the "County") for 20 years. In 2021, the County launched a

reorganization effort. As part of the effort, the County laid off Fink. As an additional part of the

reorganization, the County created two new positions that Fink was eligible to apply for. Fink

applied for the two positions, and a third position, but ultimately received none of them.

Fink claims she was discriminated against, because of her age or gender, when the

County failed to hire her and when the County terminated her prematurely. Fink now brings suit

under § 1983, for violation of her equal protection rights, and under an analogous Michigan state

law, the Elliot-Larsen Civil Rights Act ("ELCRA").

At the close of Discovery, the County filed for summary judgment. On May 19, 2023,

this Court issued an Opinion and Order granting in part and denying in part Defendant's Motion.

(ECF No. 28). Specifically, the Court held that:

1) Fink has produced sufficient evidence of gender discrimination, under the
equal protection clause and the ELCRA, and of age discrimination under the

1

ELCRA, to create a dispute of fact on her claims that she should have been hired as an analyst in the Sheriff's Department instead of Vansipe, and that she was prematurely laid off;

2) the County is entitled to summary judgment on Fink's claims that she was discriminated against, because of her gender (in violation of the ELCRA and Equal Protection Clause) or age (in violation of the ELCRA), when she was not hired for a financial analyst position the County created as part of its restructuring; and

3) that the ADEA preempts Fink's equal protection age discrimination claim.

(ECF No. 28 at 22).

Thereafter, on June 2, 2023, the County filed the instant Motion for Reconsideration of this Court's ruling. (ECF No. 32). Eastern District of Michigan Local Rule 7.1(h) governs motions for rehearing or reconsideration and provides, in pertinent part, that:

(2) Non-Final Orders.

Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

The County filed its Motion under Rule 7.1(h)(2)(A). It argues the Court made two correctible mistakes by not granting the County's Summary Judgment Motion in full.

First, Defendant claims the Court erred in finding Plaintiff produced sufficient evidence, of age and gender discrimination, to create a triable issue of fact when the County hired Russell Vansipe ("Vansipe"), instead of Fink, as a financial analyst in the Sheriff's Department. (ECF No. 32 at 4).

2

The Court found Fink produced sufficient evidence, of age and gender discrimination, because the County hired Vansipe over Fink despite having 17 years less experience and working as Fink's direct subordinate. (ECF No. 31 at 14).

Defendant now argues the Court erred because "even assuming arguendo that Plaintiff applied for the position offered to Vansipe, is it undisputed that she never interviewed for this position." (ECF No. 32 at 4). The County further claims it was justified in hiring Vansipe because he "had priority to the position because of his union status as a non-supervisory employee." *Id*. at 5.

These arguments are not properly before the Court because the County failed to raise them at summary judgment. A party may not utilize a motion for reconsideration "to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion." *DiPonio Const. Co. v. Int'l Union of Bricklayers & Allied Craftworkers, Loc. 9*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010), *aff'd*, 687 F.3d 744 (6th Cir. 2012) (quoting *Tkach v. Stonepath Logistics Servs., et al., 2*005 WL 1050280 at *5 (E.D.Mich.2005)).

Defendant should have directed the Court to relevant facts and raised the above arguments in its Summary Judgment Motion. The Court has no duty to scour the record to find factual support for a party's claims. *Magnum Towing & Recovery v. City of Toledo,* 287 Fed. Appx. 442, 449 (6th Cir. 2008) ("It is not the district court's...duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.")

The County did not mention Vansipe a single time in its Motion for Summary Judgment. (ECF No. 19). The County also failed to advance the above arguments in its Reply Brief. (ECF No. 23). The Court will not allow the County to use a motion for reconsideration as a chance to advance arguments available at summary judgment.

Nonetheless, if the Court were to give the County a second bite at the apple, the County's new claims, and the facts supporting them, do not show the Court erred.

In the instant Motion, for the first time, the County identifies Fink's testimony stating she did not interview for Vansipe's position in the Sheriff's Office. (Fink. Dep. 67:2-7, ECF No. 19-2). Even assuming that is true,[1] Fink still would have created a dispute of fact because the record does not illustrate *why* Fink was not interviewed.

Fink produced a text message, from her union supervisor, stating she "should be interviewed first" for the position in the Sheriff's Department because she was an internal candidate. (*See* ECF No. 34-5). The County agrees that "internal candidates would be interviewed first" for Vansipe's position. (*See* ECF No. 35 at 2).

The County goes on to argue that "not all internal employees had the same priority to the position," and that Vansipe's hiring was not discriminatory because he had priority for the

---

[1] The Court notes that, despite Fink's deposition testimony, it is unclear which position(s) she interviewed for. Fink identified multiple sources supporting her contention that, on May 13, 2021, she interviewed for both Vansipe's position and the positions created by the County's restructuring. (ECF No. 34 at 3). Fink testified that all financial analyst positions are posted under the generic heading, "Financial Analyst." (Fink Dep. 30:17-22, ECF No. 19-2). This created ambiguity as to which of the County's "Financial Analyst" postings was for the Sheriff's Department, and which were for positions created by the restructure. Vansipe further testified that three financial analyst positions were available when he interviewed (presumably, one position in the Sheriff's Department and two from the restructure). (Vansipe Dep. 26:2-13, 28:13-15, ECF No. 19-5). Lastly, Vansipe testified that he did not start work until June 1. *Id*. at 5:12. In sum, Fink interviewed for a generic "Financial Analyst" position almost a month before Vansipe began working, and three positions were available. Therefore, it is possible that Fink interviewed for any one of the three available analyst positions, including Vansipe's.

position due to his differing union status. *Id*. Vansipe did have priority status, but that is not a valid reason for the County to ignore Fink, an internal candidate, completely during the interview process. It is especially troubling the County did not interview Fink because, according to Fink, she and Vansipe were the only applicants for the position. (Fink. Dep. 29:20-21, ECF No. 19-2).

Regardless of Vansipe's alleged union priority, if the County did not interview Fink, though it was supposed to, that could be construed as evidence Fink was mistreated because of her age or gender.

Second, Defendant claims the Court erred when it found Plaintiff created a triable issue of fact whether she was discriminated against, because of age or gender, when she was terminated from her supervisor position while her subordinates remained employed. (ECF No. 31 at 16).

The Court, in large part, found a triable issue of fact because the County almost completely neglected Fink's early termination claim. The County devoted a single paragraph in its Reply Brief to one unpersuasive argument. The County argued Fink was laid off before a younger male accountant because the younger male had union priority rights and because he was in a different department, even though Fink was the younger male's supervisor. (ECF No. 23 at 7); (*See also* ECF No. 28 at 3).

The County now claims the Court erred because Fink's conduct after her termination shows she was not mistreated. The County claims Fink was not mistreated because she testified she spoke with her union representative, who told her the layoff process was handled correctly, and because Fink chose not to file any form of grievance related to her layoff. (ECF No. 32 at 7); (Fink Dep. 46:4-47:23, ECF No. 19-2).

The County also, for the first time, suggests Fink was fired for cause because of her work performance and because she was allegedly shredding documents. (ECF No. 32 at 6-7).

These are new legal theories not advanced, yet available, at summary judgment. The Court will not consider them on a motion for reconsideration. *See DiPonio*, 739 F. Supp. 2d at 1004.

Accordingly, **IT IS SO ORDERED**, that the County's Motion for reconsideration is **DENIED**. A motion for reconsideration is an inappropriate vehicle to advance arguments a party neglected during summary judgment.

**IT IS SO ORDERED**.

Dated:  July 7, 2023                        s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge